**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN AND GOGGIN**
By: Paul G. Lees, Esquire
Identification No. 68886
1495 Valley Center Parkway, Suite 350
Bethlehem, PA 18017
(484) 895-2321
(484) 895-0208 (fax)

**Attorneys for Defendants,**
**City of Wilson Borough, Officer James H.**
**Otto, Officer C. Meehan of the Wilson**
**Borough Police Department**

_____

IN THE UNITED STATES DISCRIT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TAN VAN TRAN,                          :    No. 08-5109
                                       :
                Plaintiff              :
                                       :
vs.                                    :
                                       :    ***JURY TRIAL DEMANDED***
CITY OF WILSON BOROUGH, OFFICER :
JAMES H. OTTO and OFFICER C.           :
MEEHAN OF THE WILSON BOROUGH :
POLICE DEPARTMENT                      :
                                       :


**ANSWER OF DEFENDANTS, WILSON BOROUGH, OFFICER JAMES H. OTTO AND**
**OFFICER C. MEEHAN, TO PLAINTIFF'S COMPLAINT**

        Defendants, Wilson Borough, Officer James H. Otto and Officer Christian Meehan, by

and through their undersigned counsel, Marshall, Dennehey, Warner, Coleman & Goggin,

hereby respond to and answer the plaintiff's complaint and assert the following affirmative

defenses:

**Nature of Action**

        1.        Admitted in part, denied in part.  It is admitted that plaintiff has instituted the

following action and has raised a claim under 42 U.S.C. §1983 and under Pennsylvania State

Law and which relate to his arrest while committing burglary at the "One Stop Mart", 1725

Butler St., Wilson Borough, Pennsylvania.  The remaining averments are denied.

## Parties

2.      Admitted.

3.      Admitted.

4.      Admitted.  It is admitted that Officer Christian Meehan is, and was at all times relevant hereto, a Wilson Borough police officer.

5.      Admitted.

## Jurisdiction

6.      Admitted in part, denied in part.  It is admitted that plaintiff has raised claims which provide this Court with jurisdiction over this matter.  It is denied that plaintiff has any valid claims against responding defendants.

## Venue

7.      Admitted in part, denied in part.  It is admitted that venue before this honorable court is proper.  The remaining averments are denied.

## Facts

8.      Admitted.  By way of further response, plaintiff was present within the "One Stop Mart" convenience store located at 1725 Butler St., Wilson Borough, Pennsylvania on March 22, 2008 at approximately 1:00 a.m. and after burglarizing the aforesaid store he exited the building through a side door on the west side of the building and was attempting to hide in a dark doorway area located below ground level.

9.      Denied.  To the contrary, plaintiff was provided verbal commands by Officers Otto and Meehan to show himself and exit the doorway area however plaintiff refused and/or failed to do so.

10.     Denied.  To the contrary, plaintiff refused the officers' verbal commands to show himself and exit the dark doorway area.  After being verbally warned that defendant Meehan would release his K-9 partner if he failed to show himself and come up out of the doorway area, and plaintiff still refused to do so, the K-9 was deployed and entered the doorway area and bit plaintiff in the right arm, pulled him out of the doorway area and then released the plaintiff.  The plaintiff was thereafter taken into custody by the officers.  The remaining averments contained within this paragraph, if any, are denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of these averments and they are therefore denied.

## Count I

## Plaintiff v. Defendants Officer James Otto and Officer C. Meehan

## Violation of Fourth and Fourteenth Amendment Rights Under 42 U.S.C. §1983

15.     Defendants incorporate herein by reference their responses to paragraphs 1 through 14 of the Plaintiff's Complaint as though fully set forth herein at length.

16.     Denied.  It is denied that responding defendants violated plaintiff's rights in any manner.  By way of further response, the averments are denied as conclusions of law to which no response is required and which are deemed denied.

17.     Denied.

18.     Denied.  It is denied that responding defendants violated plaintiff's rights in any manner or caused plaintiff to sustain any injuries or damages.  By way of further response, the averments are denied as conclusions of law to which no response is required and which are deemed denied.

19.     Denied.

**WHEREFORE**, Defendants, Wilson Borough, Officer James H. Otto and Officer Christian Meehan, deny any and all liability to the Plaintiff and demand judgment in their favor together with costs.

## Count II

### Plaintiff v. Defendant Wilson Borough

### Violation of Fourth and Fourteenth Amendment Rights Under 42 U.S.C. §1983

20.     Defendants incorporate herein by reference their responses to paragraphs 1 through 19 of the Plaintiff's Complaint as though fully set forth herein at length.

21.     Admitted in part, Denied in part.  It is admitted that defendant Wilson Borough operated K-9 teams including Officer Meehan and his K-9 partner – "Sirok". The remaining averments contained herein are denied.

22.     Denied.

23.     Denied.  It is denied that responding defendant violated plaintiff's rights in any manner.  By way of further response, the averments are denied as conclusions of law to which no response is required and which are deemed denied.

24.     Denied.  It is denied that responding defendant violated plaintiff's rights in any manner or caused plaintiff to sustain any injuries or damages.  By way of further response, the

averments are denied as conclusions of law to which no response is required and which are deemed denied.

      25.    Denied.

      **WHEREFORE**, Defendants, Wilson Borough, Officer James H. Otto and Officer Christian Meehan, deny any and all liability to the Plaintiff and demand judgment in their favor together with costs.

**Count III**

**Plaintiff v. Defendants Officer James Otto and Officer C. Meehan**

**Negligence**

      26.    Defendants incorporate herein by reference their responses to paragraphs 1 through 25 of the Plaintiff's Complaint as though fully set forth herein at length.

      27.    Denied. The averments are denied as conclusions of law to which no response is required and which are deemed denied.

      28.    Denied. The averments are denied as conclusions of law to which no response is required and which are deemed denied.

      29.    Denied. It is denied that responding defendants caused plaintiff to sustain any injuries or damages. By way of further response, the averments are denied as conclusions of law to which no response is required and which are deemed denied.

      **WHEREFORE**, Defendants, Wilson Borough, Officer James H. Otto and Officer Christian Meehan, deny any and all liability to the Plaintiff and demand judgment in their favor together with costs.

## Count IV

## Plaintiff v. Defendant Wilson Borough

## Negligence

30.     Defendants incorporate herein by reference their responses to paragraphs 1 through 29 of the Plaintiff's Complaint as though fully set forth herein at length.

31.     Denied.  The averments are denied as conclusions of law to which no response is required and which are deemed denied.

32.     Denied.  The averments are denied as conclusions of law to which no response is required and which are deemed denied.

33.     Denied.  It is denied that responding defendants caused plaintiff to sustain any injuries or damages.  By way of further response, the averments are denied as conclusions of law to which no response is required and which are deemed denied.

**WHEREFORE**, Defendants, Wilson Borough, Officer James H. Otto and Officer Christian Meehan, deny any and all liability to the Plaintiff and demand judgment in their favor together with costs.

## Affirmative Defenses

## First Defense

Plaintiff has failed to state any claims against responding Defendants for which relief may be granted.

## Second Defense

Responding Defendants, James H. Otto and Christian Meehan, assert the defense of qualified immunity, as articulated in _Harlow v. Fitzgerald_, 457 U.S. 800 (1982) and subsequent cases.

**Third Defense**

Responding Defendants, James H. Otto and Christian Meehan, further assert that they are immune from the imposition of damages premised upon negligent conduct.

**Fourth Defense**

Responding Defendants, James H. Otto and Christian Meehan, assert that their qualified immunity is a right not to go to trial, as set forth in *Mitchell v. Forsyth*, 472 U.S. 511 (1985).

**Fifth Defense**

Responding Defendants assert that Plaintiff was accorded, at all times relevant hereto, all the rights and privileges to which he was entitled under the Constitution and its laws.

**Sixth Defense**

The Plaintiff's claims for punitive damages asserted against officers acting in their official capacity are barred.

**Seventh Defense**

To the extent Plaintiff's claims are barred by his own comparative negligence, assumption of the risk and/or consent, responding Defendants claim same.

**Eighth Defense**

Plaintiff has not suffered the loss of any wages, salary, employment benefits or other actual monetary loss, nor has Plaintiff sustained any physical injuries and has thus failed to state any claim for damages in his Complaint.

**Ninth Defense**

Plaintiff has failed to establish that responding Defendants violated clearly established law and, as such, responding defendants are entitled to the defense of qualified immunity.

**Tenth Defense**

Responding Defendants claims immunity pursuant to the provisions of the Pennsylvania Political Subdivision Tort Claims Act, and any amendments thereto and assert that plaintiff's claims are barred and/or limited by the provisions of said Act.

**Eleventh Defense**

The Plaintiff's state law claims against responding defendants are barred by the Pennsylvania Political Subdivision Tort Claims Act and any amendments thereto.

**Twelfth Defense**

Responding defendants raise privilege as a defense to the Plaintiff's claims.

**Thirteenth Defense**

Plaintiff's alleged injuries and/or damages, if any, were caused by his own willful, malicious and criminal misconduct and/or his own negligence, carelessness and reckless disregard for the rights of others and not by any civil rights violation.

**Fourteenth Defense**

To the extent that Plaintiff's claims are barred and/or limited pursuant to an applicable statute of limitations, Defendants claim same.

**Fifteenth Defense**

Defendants assert herein all defenses available to them under the Civil Rights Act of 1871.

**Sixteenth Defense**

Defendant Wilson Borough did not cause a violation of Plaintiff's Constitutional rights through the enactment or encouragement of any policy, custom or practice, or through the failure to supervise or train any of its police officers.

## Seventeenth Defense

Defendants deny that they at any time violated any of the Plaintiff's Constitutional rights, including but not limited to Plaintiff's Fourth and Fourteenth Amendment rights, or committed any common law torts against the Plaintiff.

## Eighteenth Defense

Any force that was used to effectuate Plaintiff's detention or arrest was justified and was reasonably believed to be necessary to affect the detention or arrest and was reasonably believed to be necessary to defend the Defendant Officers from the Plaintiff.  At all times relevant hereto, Defendant Officers Otto and Meehan acted with and pursuant to a bonafide good faith belief that their actions were lawful, privileged, justified and in keeping with their proper duties as police officers.

**WHEREFORE**, Defendants, Wilson Borough, Officer James H. Otto and Officer Christian Meehan, deny any and all liability to the Plaintiff and demand judgment in their favor together with costs.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By:   _/s/Paul G. Lees_____

**Paul G. Lees, Esquire**
Identification No. 68886
1495 Valley Center Parkway, Suite 350
Bethlehem, PA  18017
(484) 895-2321
(484) 895-0208 (fax)
email: pglees@mdwcg.com
Attorney for Defendants

Date:   April 9, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer of Defendants to

Plaintiff's Complaint was electronically filed with the Court on April _9_, 2009 and is available

for viewing and downloading from the ECF System. The following counsel of record were

served via electronic notification:

Francesco P. Trapani, Esquire
M. Katherine Stroker, Esquire
Stephen D. Brown, Esquire
DECHERT LLP
2929 Arch Street
Philadelphia, PA  19104
*Attorneys for Plaintiff*

                              **MARSHALL, DENNEHEY, WARNER**
                              **COLEMAN & GOGG IN, P.C.**


                              By:___ */s/ Paul G. Lees*_____
                                    Paul G. Lees, Esquire
                                    Identification No. 68886
                                    1495 Valley Center Parkway, Suite 350
                                    Bethlehem, PA  18017
                                    (484) 895-2321
                                    (484) 895-0208 (fax)
                                    email: pglees@mdwcg.com